

**Robin Cohen**
212-584-1801
rcohen@cohenziffer.com

1325 Avenue of the Americas
New York, NY 10019

212-584-1890 P
212-584-1891 F

May 17, 2024

**VIA ECF** – The Honorable Evelyn Padin, U.S.D.J. and All Counsel of Record

RE:  *American International Group, Inc., et al. v. Dellwood Insurance Group, LLC, et al.,* No. 24-cv-04456

Dear Judge Padin:

We write on behalf of the Defendants to request a pre-motion conference, pursuant to Rule II.E.i of the Court's Rules, and for leave to move to dismiss, in part, Plaintiffs' Complaint. Defendants Michael Price, Kean Driscoll, and Thomas Connolly (the "Individual Defendants") are former executives of Plaintiff American International Group, Inc. ("AIG").  In March 2024, one year after leaving AIG and after any non-compete obligations expired, Price and Driscoll announced the formation of Defendant Dellwood Insurance Group, LLC ("Dellwood"), an excess and surplus lines insurance holding company.  Mr. Price is Dellwood's CEO, Mr. Driscoll is Dellwood's Chief Underwriting Officer, and Mr. Connolly is Dellwood's CFO.

Within days of the announcement of Dellwood, AIG launched a campaign to prevent it from ever commencing business.  On March 19, 2024, AIG sent a cease-and-desist letter with 19 information requests to Defendants claiming that the Individual Defendants violated various agreements and fiduciary obligations by allegedly soliciting AIG employees and misappropriating trade secrets.  In their March 28, 2024 response, Defendants explained why these accusations were baseless, including that AIG's most senior executives authorized the very activities AIG was now criticizing.  Defendants also confirmed that they would not solicit any current AIG employees, and that based on counsel's investigation to date, they were aware of no confidential or proprietary AIG information in their possession.  Defendants also requested 30 days to further investigate AIG's accusations.

AIG responded to this reasonable request by filing the Complaint, just five days later, filled with innuendo and demonstrable falsities, alleged on "information and belief."  The reasons for this are clear:  this litigation is an attempt by AIG – a $50 billion behemoth insurance company – to crush a fledgling startup, restrain the entrance of new capacity in the underserved market for small and medium sized businesses struggling to find adequate insurance, and punish Dellwood's founders who had the entrepreneurial spirit and courage to set out on their own after years of faithful service to AIG.  This is exemplified by the Complaint's kitchen-sink approach of asserting causes of action that are not legally cognizable, duplicative, and/or are legally insufficient.[1]

- **Count 1 (Trade Secret Misappropriation in Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), and New Jersey Trade Secrets Act ("NJTSA"))**

Defendant Dellwood seeks leave to move to dismiss Count 1 because AIG fails to sufficiently allege that Dellwood "acquired," "disclosed," or "used" any trade secrets as required

---

[1] Defendants reserve the right to move to compel arbitration upon receipt and review of AIG's Employment Dispute Resolution ("EDR") program.

under the Acts.  *See R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 206 (W.D.N.Y. 2020).[2]  Plaintiffs' allegations of trade secret misappropriation against Dellwood can be reduced to two assertions: (1) Dellwood employs individuals who acquired trade secrets, and (2) "[o]n information and belief," Dellwood "is using, or intend[s] to use, this Confidential Information."  Compl. ¶¶ 108, 110.  This is legally insufficient.  *See Oakwood Labs. v. Thanoo*, 2018 WL 2973384 at *6 (D.N.J. June 12, 2018).  Individual Defendants also intend to move to dismiss Count 1 because AIG's definition of trade secrets is so broad that it renders the Defendants incapable of defending themselves in the litigation.  *See, e.g.,* Compl. ¶ 115 (trade secrets defined to encompass everything even "related to AIG's business that AIG has not made public and is not generally known to the public").

- **Count 2 (Aiding and Abetting Trade Secret Misappropriation in Violation of the DTSA and NJTSA)**

Defendants seek to dismiss Count 2 because the DTSA and NJTSA do not provide a cause of action for aiding and abetting liability.  *See e.g., C-Ville Fabricating, Inc. v. Tarter*, 2019 WL 1368621, at *14 (E.D. Ky. Mar. 26, 2019).  This applies with full force to the NJTSA, as confirmed by case law evaluating substantially similar statutes.  *See, e.g., Credit Sage LLC v. Credit Wellness LLC*, 2024 WL 99474, at *11-12 (D. Wy. Jan. 9, 2024); N.J. Stat. Ann. 56:15-9(a-b).

- **Count 3 (Breach of Contract)**

Individual Defendants seek to dismiss, in part, Count 3 for breach of "restrictive covenants" to the extent those claims are based on their Non-Solicitation of Customers Using Confidential Information Obligations (¶ 50), Non-Compete Obligations (¶¶ 52, 54), Non-Disclosure/Confidentiality Obligations (¶ 55) and Obligation to Return Information (¶ 57) because Plaintiffs have failed to set forth sufficient allegations that Individual Defendants breached these restrictive covenants.  Defendants additionally seek leave to move to dismiss Count 3 as asserted by National Union Fire Insurance Co. of Pittsburgh PA ("National Union") and AIG PC Global Services, Inc. ("AIG PC Global") because they are not alleged to be parties to or third-party beneficiaries of the contracts and thus lack standing to bring such claims.

- **Count 4 (Tortious Interference with Contract)**

Dellwood seeks to dismiss Count 4 because a claim for tortious interference with contract requires that the interference be done intentionally and "with malice."  *DiGiorgio Corp. v. Mendez & Co.*, 230 F. Supp. 2d 552, 564 (D.N.J. 2002).  AIG's allegations that Dellwood "knew" of the Individual Defendants' contractual obligations and that Dellwood "encouraged" or "induced" them to breach those agreements "for the benefit of [] Dellwood," *see, e.g.,* Compl. ¶¶147-151, are insufficient to satisfy this requirement.  *See, e.g., Mu Sigma, Inc. v Affine, Inc.*, 2013 WL 3772724, at *5 (D.N.J. July 17, 2013).  Additionally, AIG PC Global and National Union lack standing to assert this cause of action because they were not parties to the relevant contracts.

- **Count 5 (Breach of Fiduciary Duty)**

Defendants Connolly and Driscoll seek to dismiss AIG PC Global and National Union's claims for breach of fiduciary duty because those claims are duplicative of their breach of contract claims.  *See e.g., Gale v. Bershad*, 1998 WL 118022, at *5 (Del. Ch. Mar. 4, 1998); *Brown &*

---

[2] "Because *the statutory schemes of the NJTSA and DTSA are 'substantially similar as a whole,'* courts often combine the analyses of the two schemes." *OWAL, Inc.* v. *Caregility Corp.*, 2022 WL 890182, at *6 (D.N.J. March 25, 2022).

*Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 620-21 (E.D. Pa. Oct. 4, 2010).  Defendants also seek to dismiss AIG Specialty Insurance Company ("AIG Specialty"), Western World Insurance Company ("Western World"), and Tudor Insurance Company's ("Tudor") claims for breach of fiduciary duty to the extent they are based on allegations that Connolly or Driscoll misappropriated trade secrets because those claims are preempted under the law of those entities' states of incorporation.  *See, e.g., Fox Controls, Inc. v. Honeywell, Inc.*, 2002 WL 1949723, at *2-3 (N.D. Ill. Aug. 22, 2002); *PC Connection, Inc. v. Price*, 2015 WL 6554546, at *8 (D.N.H. Oct. 29, 2015).

- **Count 6 (Aiding and Abetting Breach of Fiduciary Duty)**

Defendants seek to dismiss Count 6 because the Complaint fails to sufficiently allege that Driscoll, Price, or Dellwood provided "substantial assistance" to support aiding and abetting liability.  *In re Santa Fe Pacific Corp. Shareholder Litig.*, 669 A.2d 59, 72 (Del. 1996).  Count 6 should also be dismissed as to Driscoll because it requires that "a defendant, who is not a fiduciary, knowingly participated in a breach," *Globis Partners, L.P. v. Plumtree Software, Inc.,* 2007 WL 4292024, at *15 (Del. Ch. Nov. 30, 2007), and the Complaint alleges Driscoll *was* a fiduciary.

- **Count 7 (Unfair Competition)**

Defendants seek to dismiss Count 7 because "'[a] claim for unfair competition based on the same allegations as a claim for misappropriation of trade secrets…should be dismissed as duplicative." *TileBar v. Glazzio Tiles,* 2024 WL 1186567, at *19 (E.D.N.Y. Mar. 15, 2024).  Count 7 should also be dismissed because it is duplicative of Plaintiffs' breach of contract claim.  *See, e.g., My Mavens, LLC v. Grubhub, Inc.*, 2023 WL 5237519, at *24 (S.D.N.Y. Aug. 14, 2023).  AIG has also not sufficiently alleged that Defendants acted with a "dishonest purpose." *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 275 (S.D.N.Y. 2014).[3]

- **Count 8 (Unauthorized Access of AIG's Computers in Violation of the U.S. Computer Fraud and Abuse Act [CFAA])**

Defendants seek to dismiss Count 8 because AIG has failed to allege that any damage or loss it suffered was "in some way *related to functionality of the protected computer at issue*." *Above & Beyond - Bus. Tools & Servs. for Entrepreneurs, Inc. v. Wilson,* 2022 WL 17742726, at *5 (D.N.J. Sept. 1, 2022).  Where, as here, "[p]laintiffs' costs stem from their efforts to identify those who had obtained unauthorized access to [their] Database, and not from any effort to investigate damage done to [their] computer systems or the [] Database," courts dismiss CFAA claims.  *Reis v. Spring11 LLC*, 2016 WL 5390896, at *9 (S.D.N.Y. Sept. 26, 2016).  Moreover, AIG has failed to allege that Driscoll, Price or Dellwood accessed AIG's computer network "without authorization" or in excess of "authorized access."  18 U.S.C. § 1030(a).

*** 

For the foregoing reasons, Defendants respectfully request a pre-motion conference to address their contemplated motion for partial dismissal.

Sincerely,

Robin Cohen

---

[3] New Jersey law requires dismissal for similar reasons. *See Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 2012 WL 2576284, at *5 (D.N.J. July 3, 2012); *Harish v. Rubinstein*, 602 F.Supp.3d 696, 703-707 (D.N.J. 2022).